IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 FEB 28 PM 4:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JACQUELIN CANADA TAYLOR, individually and as Administratrix of the Estate of ARON CANADA, deceased,  )<br><br>Plaintiff,  )<br><br>vs.  )<br><br>GREYHOUND BUS COMPANY, a/k/a GREYHOUND LINES; LAIDLAW INC.; LAIDLAW TRANSIT ACQUISITION CORP.; VIAD CORPORATION; GREYHOUND LINES, INC.; LAIDLAW TRANSIT, INC.,  )<br><br>Defendants.  ) | Civil Action Number<br>01-C-1270-S<br><br>ENTERED<br>MAR 3 2003 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this diversity case, Defendants (hereinafter collectively referred to as "Greyhound") have moved for summary judgment against Plaintiff Jacquelin Canada Taylor in her individual and representative capacities. Based on the undisputed Findings of Fact which follow, Greyhound is entitled to judgment as a matter of law.

**I. Undisputed Findings of Fact**

1. On November 25, 1998, 45 year-old black American Aron Canada left his home in Birmingham, Alabama, on a Greyhound bus headed for New York City, New York. He was wearing dark, non-reflective clothing.

2. Aron Canada had mental problems arising from his Vietnam Veteran Syndrome. He also



was a chronic alcoholic.

3. Aron Taylor remained on the Greyhound bus as it entered the State of Georgia and traveled through Atlanta. On Interstate 85 ("I-85") between Atlanta and the South Carolina line, the driver of the Greyhound bus telephoned the Police Department of Suwanee, Georgia to report disruptive conduct on the bus by a passenger.

4. Officer Larry Loper of the Suwanee Police Department was dispatched to meet the bus at the Intersection of I-85 and the Lawrenceville-Suwanee Road. When the officer met the bus at the BP gas station, he was told by the bus driver that the offending passenger was being ejected because he was molesting the women passengers on the bus. The offending passenger was Aron Canada.

5. Aron Canada was ejected from the bus shortly after 1:00 A.M. on the morning of November 26. When he disembarked from the bus, Aron Canada was cooperative and there was no indication of intoxication or drug impairment of any kind.

7. When the Greyhound bus driver ejected Aron Canada, there was no other means of transportation at that time of night in rural area of Georgia.

8. At his request, Officer Loper then transported Aron Canada to the I-85 north bound rest area so that he could try and get a ride to his destination. En route to the rest area, Aron Canada told Officer Loper that he was traveling to Chicago, Illinois. Officer Loper left Aron Canada at the rest area.

9. The rest area is surrounded by woods. The only exit is I-85. The interstate north of the rest area lies in an unlighted rural area.

10. Apparently unable to secure a ride at the rest area, Aron Canada started walking northwardly on the shoulders of I-85.

11. Thereafter, in the pre-dawn hours of November 26, as he walked along the interstate,

Aron Canada was struck by an unknown vehicle . His left leg was completely severed from the rest of his body; and he was instantly killed. The driver of the vehicle fled the scene and his identity remains unknown. Aron Canada's lifeless body was discovered by passing motorists after daybreak and several hours following his death.

12. Plaintiff Jacquelin Canada Taylor, a sister of Aron Canada, has properly qualified as the Personal Representative of his estate.

## II. Conclusions of Law

1. The law of Georgia is the choice of law for this case. *Bodnar v. Piper Aircraft Corp.,* 392 So.2d 1161 (Ala.1981).

2. As a common carrier, Greyhound had a duty to carry its passengers to their destination indicated on their tickets, exercising the that degree of care which a prudent common carrier would exercise, consistent with the practical operations of he business. *Holly v. The Atlanta Street Railroad,* 38 Am. Rep. 97 (Ga.1878); *Delta Air Corp. v. Porter,* 27 S.E.2d 758 (Ga.1943).

3. A common carrier may lawfully eject a passenger who is guilty of disorderly conduct on the carrier and to press charges with law enforcement officers. *Seaboard Air Line Ry. v. O'Quin,* 52 S.E. 447 (Ga.1905).

4. Plaintiff has filed to establish that under all the circumstances, Greyhound's November 26, 1998, ejectment of Aron Canada from the bus was in derogation of the common carrier duty owed to him.

5. Plaintiff has failed to prove that Greyhound's ejectment of Aron Canada proximately caused the fatal injuries he suffered.

5. Greyhound is entitled to judgment as a matter of law.

By separate order, Defendants' motion for summary judgment will be granted.

Done this 28th day of February, 2003.

_____
Chief United States District Judge
U.W. Clemon